UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

CATHERINE E. KUBITZ,

                Plaintiff,

v.

THE PRUDENTIAL INSURANCE COMPANY OF AMERICA and ROCHESTER INSTITUTE OF TECHNOLOGY,

                Defendants.

**ANSWER**

Civil Action No. 6:18-cv-06657-CJS

      Defendant, Rochester Institute of Technology ("RIT"), by its attorneys, Bond, Schoeneck & King, PLLC, answers the Complaint as follows:

      1.      DENIES KNOWLEDGE OR INFORMATION sufficient to form a belief as to the truth of the allegations contained in paragraph 1 of the Complaint.

      2.      DENIES KNOWLEDGE OR INFORMATION sufficient to form a belief as to the truth of the allegations contained in paragraph 2 of the Complaint, except ADMITS that RIT is the plan sponsor of a certain long term disability plan with benefits provided by The Prudential Insurance Company of America under Group Contract Number G-50757-NY (the "Plan").

      3.      DENIES KNOWLEDGE OR INFORMATION sufficient to form a belief as to the truth of the allegations contained in paragraph 3 of the Complaint, except ADMITS that The Prudential Insurance Company of America is the Claims Administrator under the Plan.

4. DENIES KNOWLEDGE OR INFORMATION sufficient to form a belief as to the truth of the allegations contained in paragraph 4 of the Complaint.

5. DENIES KNOWLEDGE OR INFORMATION sufficient to form a belief as to the truth of the allegations contained in paragraph 5 of the Complaint, except DENIES that RIT is a "domestic corporation."

6. DENIES KNOWLEDGE OR INFORMATION sufficient to form a belief as to the truth of the allegations contained in paragraph 6 of the Complaint.

7. DENIES KNOWLEDGE OR INFORMATION sufficient to form a belief as to the truth of the allegations contained in paragraph 7 of the Complaint, to the extent that paragraph states anything more than a legal conclusion to which no response is required.

8. DENIES KNOWLEDGE OR INFORMATION sufficient to form a belief as to the truth of the allegations contained in paragraph 8 of the Complaint.

9. DENIES KNOWLEDGE OR INFORMATION sufficient to form a belief as to the truth of the allegations contained in paragraph 9 of the Complaint.

10. DENIES KNOWLEDGE OR INFORMATION sufficient to form a belief as to the truth of the allegations contained in paragraph 10 of the Complaint.

11. DENIES KNOWLEDGE OR INFORMATION sufficient to form a belief as to the truth of the allegations contained in paragraph 11 of the Complaint, except ADMITS that the Plaintiff was an employee of RIT.

12. DENIES KNOWLEDGE OR INFORMATION sufficient to form a belief as to the truth of the allegations contained in paragraph 12 of the Complaint.

13. DENIES KNOWLEDGE OR INFORMATION sufficient to form a belief as to the truth of the allegations contained in paragraph 13 of the Complaint.

14. DENIES the allegations contained in paragraph 14 of the Complaint.

15. DENIES the allegations contained in paragraph 15 of the Complaint.

16. DENIES KNOWLEDGE OR INFORMATION sufficient to form a belief as to the truth of the allegations contained in paragraph 16 of the Complaint.

17. DENIES the allegations contained in paragraph 17 of the Complaint.

18. DENIES KNOWLEDGE OR INFORMATION sufficient to form a belief as to the truth of the allegations contained in paragraph 18 of the Complaint.

19. DENIES the allegations contained in paragraph 19 of the Complaint.

20. REPEATS and RE-ALLEGES the foregoing responses in response to the allegations contained in paragraph 20 of the Complaint.

21. DENIES KNOWLEDGE OR INFORMATION sufficient to form a belief as to the truth of the allegations contained in paragraph 21 of the Complaint.

22. DENIES the allegations contained in paragraph 22 of the Complaint.

23. DENIES the allegations contained in paragraph 23 of the Complaint.

24. DENIES KNOWLEDGE OR INFORMATION sufficient to form a belief as to the truth of the allegations contained in paragraph 24 of the Complaint.

25. DENIES the allegations contained in paragraph 25 of the Complaint.

26. REPEATS and RE-ALLEGES the foregoing responses in response to the allegations contained in paragraph 26 of the Complaint.

27. DENIES KNOWLEDGE OR INFORMATION sufficient to form a belief as to the truth of the allegations contained in paragraph 27 of the Complaint.

28. DENIES the allegations contained in paragraph 28 of the Complaint.

29. DENIES KNOWLEDGE OR INFORMATION sufficient to form a belief as to the truth of the allegations contained in paragraph 29 of the Complaint.

30. DENIES each and every allegation of the Complaint not expressly admitted above.

## FIRST DEFENSE

31. The Complaint fails to state a claim upon which relief can be granted.

## SECOND DEFENSE

32. The claims set forth in the Complaint should be dismissed to the extent they are barred by the applicable statute of limitations.

## THIRD DEFENSE

33. Some or all of the claims set forth in the Complaint are barred for failure to exhaust administrative remedies as required under ERISA.

## FOURTH DEFENSE

34. Some or all of the claims set forth in the Complaint are preempted and/or precluded by ERISA.

WHEREFORE, defendant Rochester Institute of Technology requests judgment:

A. That the plaintiff take nothing by her Complaint in this action, that judgment on that Complaint be entered for Rochester Institute of Technology, and that the Complaint be dismissed in its entirety with prejudice.

B. That Rochester Institute of Technology be awarded its attorneys' fees, costs and disbursements.

        C.        That Rochester Institute of Technology be awarded such other and further relief as the Court deems just and proper.

Dated:  December 14, 2018        BOND, SCHOENECK & KING, PLLC

By:  s/John F. Boyd II
     Louis Orbach, Esq.
     John. F. Boyd II, Esq.
One Lincoln Center
Syracuse, New York 13202
Telephone:  (315) 218-8000
Fax:  (315) 218-8100
E-mail:  lorbach@bsk.com
E-mail:  jboyd@bsk.com

*Attorneys for Defendant,*
  Rochester Institute of Technology

## CERTIFICATE OF SERVICE

I hereby certify that on December 14, 2018, the foregoing Answer was electronically filed with the Clerk of the United States District Court for the Western District of New York, using the CM/ECF system, which sent notification of such filing to the following:

**Lawrence I. Heller**
950 Wilder Building
One East Main Street
Rochester, NY 14614
585- 262-2304
585-454-3595 (fax)
lih950@aol.com


   s/John F. Boyd II
John F. Boyd II